UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMES ALLEN CULBERTSON, ) | |
| ) | |
| ) | 2:20-CV-83 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SULLIVAN COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed a Motion to Proceed *in forma pauperis* [Doc. 4]. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if its states that

the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 4], therefore, is **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Jail, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must also screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See*, *e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "governs dismissals for failure to state

a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For reasons set forth in this Order, this Court finds that in the instant action Plaintiff has failed to meet the minimum standards for pleadings under the PLRA.

## I.  FACTUAL BACKGROUND

Plaintiff filed his Complaint in this cause on March 24, 2020. In it, he alleges that officers of the Sullivan County Sheriff's Department harassed and stalked him leading up to and during his arrest on December 3, 2018. Plaintiff further states that he has been "gang stalked" since his release from custody in March 2019[1] and suggests that one of the people he has seen following him is a person who was listed on the Sullivan County Sheriff's Department's 2010 roster of detectives. Plaintiff contends that the harassment stems from his agreement, at the behest of an acquaintance, to drive a minor female to her mom's house in Lebanon, Virginia in early 2018. A gang member asked Plaintiff to give the minor a ride, which Plaintiff says he agreed to do out of fear. The gang member told Plaintiff not to ask too many questions or inquire into the background of the minor and insinuated that doing so could lead to his death. As a result of that warning, Plaintiff contends he undertook the transport of the minor. On or about March 28, 2018, while Plaintiff and the minor were in transit an Amber Alert was issued for the minor. Plaintiff now

---

[1] Defendant is presently incarcerated, but it appears that his incarceration is unrelated to the charges referenced in his complaint.

believes the people who asked him to transport the minor—including the unnamed gang member—were involved in sex trafficking. Since the day Plaintiff transported the minor, he avers that he has been followed by people affiliated with the gang member who had initially approached Plaintiff. He believes those individuals include not only gang members, but also "possibly dirty cops" associated with the Sullivan County Sheriff's Department, human traffickers, and members of a cartel. In response to ongoing harassment, including being assaulted with a baseball bat at some unspecified time and place, Plaintiff recalls filing a police report because he had "been threatened numerous times by many an unknown mysterious person." [Doc. 4-2, p. 4].

A number of Plaintiff's claims focus on what took place when he was arrested on December 3, 2018. That evening, Plaintiff travelled to see his grandmother and aunt at their apartment. During the visit, officers of the Sullivan County Sheriff's entered the apartment to arrest him on charges stemming from the March 28, 2018 incident described above. Plaintiff recalls Sullivan County Sheriff's Deputy C. Cooper and multiple other unknown officers being at the scene that evening. He avers that those Sullivan County officers assaulted him on multiple occasions over the course of the evening and he specifically remembers being assaulted by Deputy Cooper but offers no details about the alleged assault. Additionally, he remembers being punched in the face by an unnamed female officer before being beaten by multiple other unknown officers. After being assaulted, Plaintiff says he was placed on a stretcher and transported to the Ballad Health Indian Path Medical Center in Kingsport, Tennessee.

Plaintiff was appointed counsel to represent him on the charges for which he was arrested when he appeared before the Court. His counsel was unable to get charges against Plaintiff dismissed and recommended he enter a guilty plea. On February 12, 2019, Plaintiff plead guilty to the charges arising out of his transport of the minor in 2018. He contends that the Kingsport City

Courts of Sullivan County, Tennessee acted improperly in handling the disposition of his criminal charges.

Plaintiff states that even after his release from jail on March 1, 2019, he has continued to be "gang stalked" by unspecified persons. He asks the Court to place him in the witness protection program and compensate him for the physical and emotional harm he has endured.

## II.     ANALYSIS

### a. Claims relating to Plaintiff's transport of the minor and subsequent arrest by Sullivan County Sheriff's Department are time-barred.

Claims raised under 42 U.S.C. § 1983 must be filed within "the applicable state-law period for personal injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005). In Tennessee, this period runs for one year after a plaintiff's cause of action accrues. *See Laney Brentwood Homes, LLC v. Town of Collierville,* 144 Fed. App'x. 506, 509 (6th Cir. 2005); *see also* Tenn. Code Ann. § 28-3-104(a)(1), (3). A cause of action accrues in a § 1983 claim "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F. 2d 262, 273 (6th Cir. 1984).

Here, Plaintiff knew or should have known about the alleged violations of his rights occurring on, and leading up to, his arrest on December 3, 2018, on the very date of the arrest. Even if Plaintiff contends the injuries he sustained in conjunction with his arrest rendered him incompetent while he was hospitalized, he should have known of the alleged violations upon his release from Indian Path Medical Center[2]. Plaintiff did not commence this action until March 24, 2020, well more than one year after the last alleged incident took place. Because the statute of

---

[2] While Plaintiff does not indicate how long he was hospitalized, it appears that his stay was brief. He also indicates that he entered a guilty plea to the charges at issue on February 12, 2019. It is certainly safe to assume that Plaintiff was competent on or before that date; yet, his complaint was filed more than one year past this date as well.

limitations applicable to matters arising under 42 U.S.C. § 1983 is one-year in Tennessee, Plaintiff's claim is time-barred; therefore, it is recommended that all claims arising out of the conduct of the Sheriff's Department[3] occurring before and on December 3, 2018 be dismissed with prejudice.

> **b. Plaintiff's claims against private entities Ballad Health and its hospital, Indian Path Medical Center, are improper under 42 U.S.C. § 1983.**

Because § 1983 claims can only be brough against state actors, Plaintiff must demonstrate that Ballad Health and its member institution Indian Path Medical Center acted under color of law in order to successfully bring an action against them under 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). A private actor's willful participation in activity with the state can constitute action under color of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). The Sixth Circuit employs three tests to aid in the determination of whether an otherwise private entity's actions can be fairly classified as those of a state actor. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014). Those tests are (1) the public function test, (2) the state compulsion test, and (3) the nexus test which operate as follows:

> the public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state …." []. The typical examples are running elections or eminent domain. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either

---

[3] The Court notes that Plaintiff has improperly sued the Sullivan County Sheriff's Department, which is not a legal entity subject to suit. Caselaw makes it clear that either the Sheriff in his/her official capacity or the county itself is the proper defendant. *See Brumlow v. Hamilton Co., Tenn.,* No. 1:16-cv-394, 2019 WL 613217, at *3 (E.D. Tenn. Feb. 13, 2019); *see also Mathes v. Metro. Gov't of Nashville and Davidson Cty.*, No. 3:10-cv-496, 2010 WL 3341889, at *1-2 (M.D. Tenn. Aug. 25, 2010). Still, but for the statute of limitations having run on Plaintiff's claims, the Court would recommend that Plaintiff's claims against the Sheriff's Department be dismissed without prejudice as Plaintiff would be permitted to amend his claim to name the proper parties at this juncture.

> overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1334 (6th Cir. 1992)) (internal citations omitted). The state compulsion test is most applicable to the facts before the Court. *See id.* The Sixth Circuit has narrowly construed the state compulsion test and state compulsion analysis rarely results in private conduct being attributed to the state. *Id.* (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833-34 (6th Cir. 2003)).

Applying the state compulsion test, the Sixth Circuit has emphasized a review of the nature of a physician's role in deciding whether a private doctor acted under color of law. *Carl*, 763 F.3d at 596 (holding where a physician acts on behalf of state prisons to render care, the physician can be sued under §1983). Salient to this analysis is the nature of the relationship between the prison and the medical provider. A medical provider rendering services to prisoners in fulfillment of a contract with a state entity may be sued as a state actor under 42 U.S.C. § 1983. *See Johnson v. Karnes*, 398 F.3d 868, 876 (6th Cir. 2005). Conversely, a medical provider rendering emergency care to a prisoner on a single occasion is not the type of activity that subjects a private entity to legal action under § 1983. *See e.g. Sykes v. McPhillips*, 412 F. Supp. 2d 197, 203 (N.D.N.Y. 2006) (dismissing claims under § 1983 where plaintiff-inmate sued a hospital that rendered him emergency care on a single occasion). Similarly, a doctor and a hospital that offer emergency care to a prisoner are not state actors where those parties lack a contractual or employment relationship with the state prison system. *Styles v. McGinnis*, 28 Fed. App'x. 362, 364 (6th Cir. 2001).

Here, Indian Path Medical Center, a member institution of Ballad Health, rendered care to Plaintiff after he sustained injuries during an arrest on December 3, 2018. Ballad Health and its member institutions are private entities. Applying the state compulsion analysis, the court looks

for allegations that the hospital treated Plaintiff on behalf of law enforcement or other state entities. The facts allege that Plaintiff received emergency treatment at Indian Path Medical Center after being beaten by arresting officers. Analogous cases suggest that emergency services are not the type of healthcare typically considered state action, absent some showing of a contract between medical providers and state actors. Looking at the face of Plaintiff's complaint, there is no evidence that Ballad Health and Indian Path Medical Center offered Plaintiff services aside from emergency care or that those services were in fulfillment of a contract; therefore, the Court cannot find that the parties are state actors subject to actions under 42 U.S.C. § 1983.

Even if the hospital had rendered care as a state actor, the facts giving rise to the claim—Plaintiff's emergency room visit subsequent to his December 3, 2018 arrest—are time barred under the Tennessee statutes of limitations applicable to medical malpractice and tort actions. Tenn. Code Ann. §§ 28-3-104 and 29-26-116. For these reasons the undersigned recommends that the claims arising out of the conduct of Ballad Health Indian Path Medical Center occurring on or about December 3, 2018 be dismissed with prejudice[4].

### c. Plaintiff's claims against Kingsport City Courts of Sullivan County are barred by the principal of sovereign immunity.

It is well settled that the Eleventh Amendment prohibits federal courts from hearing certain lawsuits against states, even when those lawsuits are brought by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662 (1974) ( overruled on other grounds by *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 (1989)). However, states may consent to be sued in federal court or Congress may abrogate their sovereign immunity. *Timmer v. Michigan Dep't of*

---

[4] But for the statute of limitations having expired as to Plaintiff's claims against Ballad Health Indian Path Medical Center, the Court would recommend that Plaintiff's claims against it be dismissed without prejudice in order to provide Plaintiff with an opportunity to address the issue of whether Ballad Health Indian Path Medical Center was acting in fulfillment of the type of contract which would indicate it was a state actor when treating Plaintiff.

*Commerce*, 104 F.3d 833, 836 (6th Cir. 1997). In some instances, Congress may override state limitations on suits by passing legislation providing "for private suits against states or state officials which are constitutionally impermissible in other contexts" where such suits are brought to enforce rights under the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 446 (1976). This authority was not used in the passage of 42 U.S.C. § 1983 to abrogate the traditional sovereign immunity of states meaning such immunity remains intact. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). Additionally, Tennessee prohibits private persons from bringing suits against it except where expressly waived by statute. *See* Tenn. Const. Art. I, § 17. Trial courts in Tennessee are considered an entity of state government and are formed pursuant to state constitutional law. *See* Tenn. Const. Art. I, § 4. The State of Tennessee has not waived sovereign immunity in relation to its courts.

Here, it appears that Plaintiff is attempting to sue the trial court in which he entered a guilty plea. Plaintiff alleges in his complaint that he felt forced into a guilty plea. Under Tennessee law, private persons like Plaintiff cannot sue the state government, which includes trial courts, absent an express waiver by statute. Further, as referenced above, Congress has not permitted such a right to sue the state, as an institution, under 42 U.S.C. § 1983. Accordingly, Plaintiff's claims against the trial courts are prohibited by the Eleventh Amendment to the United States Constitution and it is recommended that they be dismissed with prejudice.

### d. Claims of ongoing stalking and abuse subsequent to Plaintiff's release fail to adequately identify a defendant.

Plaintiff alleges that he has been "gang stalked" since his release from jail in March 2019. He does not specify whether any named state actors were associated with the stalking nor does he describe any specific act of stalking which has been committed against him since his release. Claims under 42 U.S.C. § 1983 must allege that a state actor caused Plaintiff's harm. As referenced

above, failing to state a claim upon which relief can be granted merits dismissal. 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6). Here, because Plaintiff's complaint fails to identify who has allegedly stalked him since his release from incarceration or in what manner they have done so, he has failed to set forth sufficient facts to proceed with a claim against any named Defendant as to the stalking. *See Iqbal*, 556 U.S. at 678. While the Court recommends that Plaintiff's claims regarding the post-incarceration gang stalking be dismissed, it is recommended that the dismissal be without prejudice.

> **e. Plaintiff requests certain relief which the Court cannot grant.**

The Court also notes that one of Plaintiff's primary requests for relief is that he be placed in the federal witness protection program. Even if Plaintiff had properly set forth claims against one or more of the Defendants named, the Court does not have the authority to grant Plaintiff's request. *See* 18 U.S.C. § 3521.

### III. CONCLUSION

Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim on which relief may be granted. It is further recommended that Plaintiff's claim of gang stalking following his release from incarceration be dismissed without prejudice but that all other claims be dismissed with prejudice.

Plaintiff's request for relief does not clearly set forth whether he is requesting injunctive relief and if so, against which Defendant(s); however, his statement that he wants [t]o help others & myself as well by ending these things…" could be interpreted as such a request. To the extent that Plaintiff's claim can be interpreted as requesting injunctive relief against any named Defendant, it is recommended that those claims also be dismissed without prejudice.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[5]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).