UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMES ALLEN CULBERTSON, | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-00083-DCLC |
| | ) |
| vs. | ) |
| | ) |
| SULLIVAN COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge [Doc. 13] filed on October 7, 2020. No objections have been filed and the time to file such objections to the Report and Recommendation has now passed. For the reasons stated herein, the Court **ADOPTS IN PART** the magistrate judge's Report and **ADOPTS IN FULL** the magistrate judge's Recommendation to **DISMISS WITH PREJUDICE** Plaintiff's complaint.

**I.     FACTUAL BACKGROUND**

Plaintiff claims that on December 3, 2018, while he was at his "grandmother's apartment talking on Facebook and more or less minding [his] own accord while doing so," a Mr. John Hammonds (possible alias)" advised him of an inheritance Plaintiff was to receive from someone who had died a couple months before in October 2018. [Doc. 1, pg. 3-4]. He claimed that as soon as he learned he was to receive this inheritance, he heard a voice come across his computer speaker saying, "I don't know what it is but I want it, go in and get him for anything." [*Id.* at pg. 4]. He then overheard his aunt, who happened to be behind him talking on the phone, saying, "he found

1

out about an inheritance, come get him." [*Id.*]. Plaintiff then claimed that law enforcement officers and ambulance drivers showed up "out of nowhere and [for] no reason." [*Id.*]. He claims that Officer Cooper assaulted him. When another officer told him he could leave, Plaintiff claims he was gathering his personal belongings when a female officer advised him that he could not leave. He claims that this female officer "then punched [him] in the face for no reason at all and the other officer with her joined and they almost beat [him] to DEATH." [*Id.*] (capitalization in original). He claims the officers then transported him to Indian Path Medical Center where he received medical treatment and where "[t]hey shot [him] with several strange chemicals while [he] was there and did CTs and Xrays." [*Id.*]. He claims he was arrested for some criminal offenses, but he does not indicate what his state charges were. In any event, he did not make bail on these charges. He claims his court appointed attorney represented to him that though Plaintiff was innocent, he was unable to negotiate a dismissal with the Assistant District Attorney. In fact, Plaintiff alleges his own counsel represented that "[t]he DA said your [sic] innocent but she doesn't care. You'll sit in jail so long to prove your [sic] innocent, you'll wish you had done something to be here for." [*Id.* at pg. 5]. Plaintiff then claims that "out of hopelessness" he pled guilty "to the charges against [him]" and was released from jail on March 1, 2019 [*Id.*].

Once he was released in March, he claims he was "still being gang stalked." He claims to know "things [that have] to do with almost every major incident that occurred and [which] brought law enforcement out in full force in northeast TN that went on in 2018." [*Id.*]. He claims to be in fear for his life and seeks federal protection. He also notes that he believed "large scale theft/extortion/even human trafficking … have been taking place" and that he wants justice. [*Id.*].

On March 24, 2020, Plaintiff brought this suit under 42 U.S.C. § 1983 against the Sullivan County Sheriff's Department, Ballad Health, Indian Path Medical Center, and the "Kingsport City

2

Courts of Sullivan County, Tennessee." For his relief, he asks the Court to place him in the witness protection program, compensation for his injuries and "to know the people I love and care about are safe from all these things, to help ensure others are safe and justice is served…." [*Id.* at pg. 6].

## II. ANALYSIS

The magistrate judge conducted an initial screening pursuit to 28 U.S.C. § 1915. She found Plaintiff's claims relating to his arrest by the Sullivan County Sheriff's department time barred as having been filed outside the one-year statute of limitations for bringing claims under 42 U.S.C. § 1983. The magistrate judge noted that Plaintiff's cause of action would have accrued on the date of his arrest, December 3, 2018, and that Plaintiff did not file his complaint until March 24, 2020. The magistrate judge also noted that the Sullivan County Sheriff's department is not a legal entity subject to suit. Indeed, Plaintiff's § 1983 claims against the Sullivan County Sheriff's office fail because a sheriff's department is not a "person" subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at \*\*2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore dismissing the § 1983 claims against the Davidson County Sheriff's Office). Plaintiff could have sued the officers who he claimed assaulted him, but he did not and the time in which to file such a claim has long since expired.

The Court notes that even assuming Plaintiff intended to sue Sullivan County – instead of the Sullivan County Sheriff's Department – a county is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51 (2011) (internal citations and quotation marks omitted). Under Section

3

1983, a county can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)). To show an illegal policy or custom, a plaintiff must show one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478. Plaintiff has not shown any of that, even liberally construing and stretching the facts of his complaint as far as reasonably possible. Thus, Plaintiff's complaint fails to state a claim upon which relief can be granted and his claims against the Sullivan County Sheriff's Department are **DISMISSED WITH PREJUDICE**.

The magistrate judge also found that Ballad Health and Indian Path Medical Center are not actors under color of state law as required by § 1983 and concluded they were not proper Defendants in this case [Doc. 13, pg. 8]. The magistrate judge also concluded that even if these entities were state actors, Plaintiff's section 1983 claims were time barred.

The Court notes that Ballad Health's and Indian Path Medical Center's relationship with the county is not clear. It is not known whether either entity was in contract with Sullivan County to provide medical services to inmates or those in its custody. In *Winkler v. Madison County*, 893 F.3d 877, 885 (6th Cir. 2018), the Sixth Circuit addressed a § 1983 deliberative-indifference claim involving a county that had contracted with a private medical provider, Advanced Correctional Healthcare, Inc., which "in turn entered into a contract with Dr. Nadir H. Al-Shami to be the staff physician at several county jail facilities." It noted that "[t]he principle is well settled that private

4

medical professionals who provide healthcare services to inmates at a county jail qualify as government officials acting under the color of state law for the purposes of § 1983." *Id*. at 890.

Assuming both are state actors for purposes of this review, and for purposes of this review only as the Court liberally interprets Plaintiff's complaint, Plaintiff still has not stated a claim upon which relief can be granted against either of these entities. To establish a cause of action under § 1983 for failure to provide adequate medical treatment, a pretrial detainee must show that "the defendants acted with 'deliberate indifference to [his] serious medical needs.'" *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). But Plaintiff received medical care. He makes no allegation that the providers were deliberately indifferent to his medical needs. Plaintiff has not satisfied either the objective or subjective components of a deliberately indifference claim under Section 1983. *See Richmond v. Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018). Even assuming such care was rendered carelessly, that is insufficient to state a claim under Section 1983. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Thus, Plaintiff has failed to state a claim against both Ballad Health and Indian Path Medical Center, and his complaint against them is **DISMISSED WITH PREJUDICE.**

Concerning Plaintiff's claims against the "Kingsport City Courts of Sullivan County, Tennessee," the magistrate judge found that "Plaintiff's claims against the trial courts are prohibited by the Eleventh Amendment to the United States Constitution and it is recommended that they be dismissed with prejudice." [Doc. 13, pg. 9]. The magistrate judge found that Plaintiff could not sue the state government, which included trial courts [*Id.*].

5

While it is not entirely clear from reading the complaint, it appears Plaintiff is suing the general sessions court in the City of Kingsport, County of Sullivan County. While Kingsport has a municipal court, it would not handle the kind of cases for which Plaintiff was facing and for which he needed a court appointed attorney to handle.

State trial courts are different than general sessions courts. "[C]ounties are responsible for general sessions courts." *Tucker v. Tennessee*, No. 05-1046-T/AN, 2005 WL 1922561, at *1 (W.D. Tenn. Aug. 2, 2005). In other words, a general sessions court would not be an arm of the state, and the general sessions judge would be a county office, not a state official. *See Durham v. Dismukes*, 206 Tenn. 448, 333 S.W.2d 935, 938-39 (Tenn.1960); *see also State v. Morrow*, 75 S.W.3d 919, 922 (Tenn.2002) ("A court of general sessions is a county court"). But regardless of this technical difference, it does not change the conclusion. Plaintiff has not alleged anything improper anyone with the "Kingsport City Courts" did to violate his constitutional rights. Aside from the immunity issues, he simply has not stated a claim under Section 1983 for which relief can be granted.[1] His claim against the "Kingsport City Courts" is **DISMISSED WITH PREJUDICE**.

Finally, the magistrate judge found that Plaintiff's requested relief of being placed in witness protection is not one that the Court can fulfill. As to Plaintiff's claim of "gang-stalking" after his release from jail, "because Plaintiff's complaint fails to identify who has allegedly stalked

---

[1] To be sure, Plaintiff has judicial immunity issues as well, but he also encounters the problem with whether the "Kingsport City Courts" is a person that can be sued under section 1983. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to a lawsuit under that statute."); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir.1993) (recognizing that a § 1983 action cannot be maintained against a state court because it "is not a 'person' within the meaning of that term as used in § 1983"); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988) (reasoning that a municipal court is not a "person" within the meaning of § 1983, and that a civil rights action cannot be maintained against it).

him since his release from incarceration or in what manner they have done so, he has failed to set forth sufficient facts to proceed with a claim against any named Defendant as to the stalking." [Doc. 13, pg. 10] (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. CONCLUSION

After careful consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set forth in this Memorandum Opinion and Order, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** The clerk is directed to close the case. A separate judgment shall enter.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge
